# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW LIFE HOMECARE, INC., et al., | |
| Plaintiffs, | CIVIL ACTION No. 3:06-CV-2485 |
| v. | (JUDGE CAPUTO) |
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendants Blue Cross of North Eastern Pennsylvania, et al.'s Motion (Doc. 58) pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and 28 U.S.C. § 1927 to sanction Plaintiffs and their counsel, dismiss Plaintiff's First Amended Complaint with prejudice and award Defendants reasonable costs and attorneys' fees incurred in responding to Plaintiffs' First Amended Complaint and preparing their motion for sanctions.  For the reasons that follow, Defendants' motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331.

## **BACKGROUND**

The background of this case is discussed in detail in my Memorandum and Order of February 14, 2008 (Doc. 62), in which I granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.  Briefly, Plaintiffs are New Life Homecare, Inc., ("New Life") and its employees.  Defendants are Blue Cross of Northeastern Pennsylvania and Highmark Blue Shield (collectively, "Blue Cross"), which

issued the group health insurance policy for New Life's employees, as well as First Priority Health, an HMO, and First Priority Life Insurance Company, Inc., which are subsidiaries of Blue Cross of Northeastern Pennsylvania.  (*See* Mem. & Order, Doc. 62, at 2.)  Plaintiffs brought this action under ERISA seeking, *inter alia*, to enforce the terms of a group insurance policy for calendar year 2007.  (*Id.* at 3-6.)  Defendants move to impose sanctions on Plaintiffs and their attorneys, arguing that agreements the parties made in a Partial Settlement Agreement and Release dated March 12, 2007 render Plaintiffs' claims in their Amended Complaint (Doc. 43) frivolous, baseless and for the improper purpose of burdening and harassing Defendants.  (*See* Br. in Supp., Doc. 59, at 6.).

## LEGAL STANDARD

### I.  Sanctions Under Rule 11

Under Federal Rule of Civil Procedure 11, both attorneys and clients - even if the clients do not sign the challenged pleadings or motions - may be subject to sanctions. *E.g., United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1343-44 (2d Cir. 1991). The primary purpose of Rule 11 is to deter groundless proceedings and abusive litigation practices. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991).  Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after

2

>    an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed. R. Civ. P. 11(b).

Sanctions under Rule 11 are "appropriate only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (internal quotation marks omitted). "[T]he mere failure of a compliant to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." *Id.* A court should not impose Rule 11 sanctions so as to chill creativity or stifle enthusiasm or advocacy. *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 451 (E.D.N.Y. 1995) (citing *Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir. 1990)). However, attorneys should "stop, think, investigate and research before filing papers either to initiate a suit or to conduct the litigation." *Gairardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). A court should test the signer's conduct by inquiring what was reasonable for the signer to believe at the time the pleading was submitted. *Schering Corp. v. Vitarine Pharm., Inc.*, 889 F.2d 490, 496 (3d Cir. 1989); *see also* Note on Advisory Committee to Rule 11, 1983 Amendments. In gauging the reasonableness of an attorney's pre-filing inquiry, a court may consider such factors as: (1) the amount of time available to the signer for conducting the factual and legal investigation; (2) the necessity of relying on a client for the underlying factual

3

information; (3) the plausibility of the legal position advocated; and (4) whether the case was referred to the signer by another member of the Bar.  *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988).

**II. Sanctions Under 28 U.S.C. § 1927:**

Unlike Rule 11, under 28 U.S.C. § 1927, only attorneys, not their clients, may be liable.  *Int'l Bhd. of Teamsters*, 948 F.2d at 1345.  The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Section 1927 "requires a court to find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."  *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002) (quoting *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989)).  "A finding of willful bad faith on the part of the offending lawyer is a prerequisite ... for imposing sanctions under 28 U.S.C. § 1927."  *Id.* at 181 (citing *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991)).  Bad faith is indicated if the court finds "that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment."  *Id.* at 188 (quoting *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987)).

4

## DISCUSSION

**I. Partial Settlement**

In support of sanctions under both Rule 11 and § 1927, Defendants argue that Plaintiffs agreed in the Partial Settlement Agreement and Release (Defs.' Ex. 1) that Blue Cross would terminate its group insurance on March 31, 2007, and that the Partial Settlement in fact "required" Blue Cross to do so. (Br. in Supp., Doc. 59, at 1-2.) Therefore, they argue, Plaintiffs' claims to coverage after March 31, 2007, are frivolous and baseless and must have been brought for the purpose of burdening and harassing Defendants. (Br. in Supp., Doc. 59, at 6-7.)

In the Partial Settlement, the *Defendants* agreed, *inter alia*, to provide continued group health insurance to New Life employees and dependents through March 31, 2007, and to provide individual conversion health insurance policies effective April 1, 2007, to Plaintiff-employees who meet certain eligibility requirements. (Defs.' Ex. 1, Doc. 59-2, at 2-3.) In exchange, Plaintiffs agreed to pay for such coverage and to withdraw their then-pending motion for a Preliminary Injunction (Doc. 2), which they filed December 29, 2006, seeking to enjoin Defendants "from terminating coverage on January 1, 2007." (*See id.* ¶ 4.) Plaintiffs also agreed to "take all steps necessary to have the Temporary Restraining Order entered on December 29, 2006 in the [suit] vacated." (Defs.' Ex. 1, Doc. 59-2, at 2-4.) The Temporary Restraining Order enjoined Defendants from terminating the 2007 group medical insurance policy effective January 1, 2007, or "[t]erminating such coverage until a decision by the Court as to whether to grant a Preliminary Injunction to Plaintiff after a hearing." (Order, Doc. 4, at 1.) Plaintiffs made no further agreements or promises

5

in the Partial Settlement.

Plaintiffs now submit that their Amended Complaint was supported by a good faith claim to group coverage under the 2007 Policy notwithstanding this Partial Settlement. Without deciding whether or not the Partial Settlement precludes Plaintiffs' claim for group coverage throughout 2007, I conclude that their claim for such coverage in their Amended Complaint does not merit sanctions.

In interpreting the Partial Settlement, Plaintiffs could reasonably have relied on the law that releases must be strictly construed. *E.g., Camiolo v. State Farm Fire & Cas. Co*. 334 F.3d 345, 360 (3d Cir. 2003) (applying Pennsylvania law). Though the Partial Settlement contained a provision stating that it was "not an admission of liability on the part of BCNEPA or FPH" (Doc. 59-2., at 5), neither this language nor any other language in the agreement constitutes an express release of Plaintiffs' claims other than to a preliminary injunction and temporary restraining order. Although the relief requested in Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction overlaps with some of the relief they request in their Amended Complaint, Plaintiffs made separate claims for each, and the legal standards governing preliminary injunctions and determinations on the merits are not identical. Many of the claims in Plaintiffs' Amended Complaint that Defendants challenge as meritless because they seek coverage under the 2007 Policy – such as enforcement of the terms of the plan for 2007, clarification of rights under the 2007 Policy, breach of fiduciary duty under the 2007 Policy, equitable estoppel to prevent Defendants from denying the validity of the 2007 Policy, and breach of contract – were also included in their initial Complaint. (*See* Compl., Doc. 1 ¶¶ 33-70.) In the Partial Settlement, however, Plaintiffs did not expressly agree to withdraw these

6

claims from their Complaint.  Whether or not Plaintiffs will ultimately succeed in showing that those claims survived the Partial Settlement, their attempt to do so is not so unreasonable or frivolous as to merit sanctions.

Defendants have not demonstrated that Plaintiffs' Amended Complaint constituted "abusive litigation or misuse of the court's process," *Simmerman*, 27 F.3d at 62, that it is "patently unmeritorious or frivilous," or that its filing is an "exceptional circumstance[]" rather than "merely [one in which] there is a disagreement as to the correct resolution of a matter in litigation." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1281 (3d Cir. 1994).  As such, sanctions under Rule 11 are not warranted.  Similarly, Defendants have not demonstrated "willful bad faith": they have not shown that Plaintiffs' claims are meritless, that counsel knew or should have known this, and that they were brought for an improper purpose such as harassment.  *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d at 181.  As such, sanctions under 28 U.S.C. § 1927 are not warranted.

**II. Misleading Statements**

In their Reply Brief (Doc. 61), Defendants raise additional arguments in support of their motion for sanctions.  First, they argue that Plaintiffs and their counsel were misleading when they alleged in the Amended Complaint that "Blue Cross's conduct ... has had serious negative consequences to New Life and its employees – leaving the Plan participants without any viable insurance coverage, let alone comparable coverage under the Plan."  (Am. Compl., Doc. 43 ¶ 56.)  This is misleading, Defendants contend,

7

because under the Partial Settlement, eligible participants had group coverage through March 31, 2007 and thereafter had coverage through individual conversion policies.  This assertion in paragraph 56, however, comes directly after a paragraph in which Plaintiffs acknowledge the existence of the individual conversion policies.  They state that "[b]ased on Blue Cross's repudiation of the group insurance policy, the New Life Plan participants have had no alternative but to apply for individual conversion policies that are significantly more costly and afford less benefits than the 2007 policy." (*Id.* ¶ 55.)  In light of this allegation, the statement in the following paragraph that Plaintiffs lack "viable" insurance coverage appears to be a characterization of the quality of coverage under the individual policies rather than a misleading assertion that the participants and beneficiaries have no insurance at all.

Second, Defendants also claim that Plaintiffs were misleading in stating that "the Plan participants and their beneficiaries have made written applications for conversion policies, including payment of premiums, but Blue Cross has failed to offer conversion coverage to certain individuals," (*id.* ¶ 111) because, Defendants claim, they did provide coverage to all those who applied and were eligible and assisted Plaintiffs' counsel in obtaining this insurance for eligible employees.  (Reply Br., Doc. 61, at 5.)  Plaintiffs' statement, though, could be based on a disagreement with Defendants about who was eligible, and thus is not conclusively a misleading statement.

In sum, Defendants have not demonstrated that either of these statements was misleading such that sanctions under Rule 11 are warranted.

8

**CONCLUSION**

Because Defendants have not demonstrated that Plaintiffs' Amended Complaint was presented for an improper purpose, contained frivolous legal contentions, or factual contentions lacking evidentiary support; that it constituted abusive litigation or misuse of the court; or that in filing it, Plaintiffs' attorneys multiplied the proceedings in an unreasonable and vexatious manner, thereby increasing the cost of the proceedings in bad faith or by intentional misconduct, their Motion for Sanctions will be denied.

An appropriate order follows.


| | |
|---|---|
| February 20, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NEW LIFE HOMECARE, INC., et al.,

    Plaintiffs,

v.

BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, et al,

    Defendants.

CIVIL ACTION No. 3:06-CV-2485

(JUDGE CAPUTO)

## **ORDER**

Now, this  20th  day of February, 2008, it is **HEREBY ORDERED** that Defendants' motion to impose sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Doc. 58) is **DENIED**.

                          /s/ A. Richard Caputo
                          A. Richard Caputo
                          United States District Judge