**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEW LIFE HOMECARE, INC. and the REVERENT GREGORY M. J. MALIA, Individually an on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, HIGHMARK BLUE SHIELD AND FIRST PRIORITY HEALTH,<br><br>　　　Defendants. | CIVIL ACTION No. 3:06-CV-2485<br><br>(JUDGE CAPUTO) |

**MEMORANDUM ORDER**

Now before the Court is Defendants' "Motion to Dismiss Count IX of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction." (Doc. 73.)  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Defendant Blue Cross of Northeastern Pennsylvania ("Blue Cross" or "BCNEPA") is a provider of group health insurance and formerly provided such health insurance to eligible employees of Plaintiff New Life Homecare ("New Life").  The insurance contract between BCNEPA and New Life expired at the end of 2006.  In their First Amended Complaint (Doc. 43), New Life brought eight (8) counts against BCNEPA alleging that its decision to terminate New Life's group insurance plan violated the Employee Retirement Income Security Act ("ERISA").  This Complaint also contained one additional count ("Count IX") brought by New Life and its president, Mr. Gregory Malia, asserting a state law claim for tortious interference with prospective business relations with a third party, Express Scripts,

Inc. ("Express Scripts").  In this count, New Life and Malia allege that BCNEPA improperly caused Express Scripts to cancel New Life's status as a participating provider for BCNEPA. In the current motion, Defendants argue that this Court lacks subject matter jurisdiction over this claim.

Plaintiff New Life Homecare is a Pennsylvania corporation with a principal place of business in Pittston, Pennsylvania. (First Am. Compl, Doc. 43 ¶ 5.)  Plaintiff Gregory M.J. Malia is the president and chief executive officer of New Life and is also, ostensibly, a citizen of the Commonwealth of Pennsylvania. (*Id.* ¶ 7.)  Defendant BCNEPA is a licensed Pennsylvania corporation with a principal place of business in Wilkes-Barre, Pennsylvania. (*Id.* ¶ 20.)  Since each of the plaintiffs and defendants implicated in the claims contained in Count IX of Plaintiffs' First Amended Complaint, this Court does not possess subject matter jurisdiction over this claim of the basis of diversity of citizenship.  *See* 28 U.S.C. 1332.  Moreover, the state law tortious interference claim brought by Plaintiffs in Count IX raises no question of federal law providing this Court with the "federal question" jurisdiction conferred by 28 U.S.C. 1331.  With the absence of both federal question and diversity jurisdiction over the claims in Count IX, the Court may appropriately exercise jurisdiction only if those claims sufficiently invoke the Court's supplemental or ancillary jurisdiction established by 28 U.S.C. § 1367.

Section 1367(a) provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

2

The Third Circuit Court of Appeals has interpreted the provisions of § 1367 and has stated that three requirements must be satisfied before supplemental jurisdiction is appropriate.

> "The federal claim must have substance sufficient to confer subject matter jurisdiction on the court." The state and federal claims must derive from a common nucleus of operative facts, and the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding.

*MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir. 1995), *cert. denied*, 519 U.S. 815 (1996) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); citing *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995)).

The Defendants do not contest that the first eight counts of Plaintiffs' First Amended Complaint make claims of sufficient substance to confer subject matter jurisdiction on this Court. They do, however, argue that the claims in Count IX neither derive from a common nucleus of operative facts not would be ordinarily expected to be part of the same judicial proceeding with the claims in Counts I through VIII. The crux of Defendants' argument is that the Count IX tortious interference claim arises from BCNEPA's alleged interference with a contract between New Life and Express Scripts, a relationship that Defendants claim is entirely separate and distinct from BCNEPA's group insurance relationship with New Life at issue in the other eight (8) counts. Defendants support this argument with citations to the Plaintiffs' First Amended Complaint, which states that

> [i]n addition to the group contract of insurance, Plaintiff New Life Homecare, Inc. and the Blue Cross Defendants have had, at all relevant times, an *independent business relationship* in connection with New Life's business as a specialty pharmacy and the Blue Cross Defendants' business asa an insurer that provides, among other things, prescription drug benefits administered by its pharmacy benefits manager, Express Scripts, Inc.

(First Am. Compl., Doc. 43 ¶ 29 (emphasis added).) Simply put, Defendants argue that New Life and Mr. Malia's tortious interference claim arises out of a separate contract, and

ergo, separate facts and circumstances distinct from the federal ERISA claims that provide this court with jurisdiction. Because Count IX does not involve an aspect of the parties' relationship that is governed by ERISA, it is not part of the same case or controversy for purposes of § 1367(a). (Defs.' Br. in Supp., Doc. 74, at 9.)

In response, the Plaintiffs argue that this Court has supplemental jurisdiction over the tortious interference claim in Count IX because Count IX, like Count VII of Plaintiffs' First Amended Complaint is based in part or in whole on the Blue Cross Defendants' actions in directing their pharmacy benefits manager, Express Scripts, to terminate Plaintiff New Life as a participating provider pharmacy. (Pls.' Br. in Opp., Doc 77 at 2.) Plaintiffs suggest that this creates an "overlap" of evidence between the ERISA claim articulated in Count VII and the Count IX tortious interference claim.

In the various pleadings supporting and responding to Defendants' current motion, both Plaintiffs and Defendants cite to and rely on the Third Circuit Court of Appeals' decision in *Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995). In *Lyon*, the Court of Appeals considered a similar situation where both state and federal claims involved the same "overlapping" evidence. As the result of this review the Court of Appeals stated that

> it is clear that there is so little overlap between the evidence relevant to the [federal] and state claims, that there is "no common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims. In fact, it would be charitable to characterize the relationship fo the federal and state claims as involving even a loose nexus.

*Lyon*, 45 F.3d at 763. After reviewing Counts VII and IX, the two claims that allegedly involving overlapping evidence, the Court finds that the current case closely resembles the situation addressed by the Circuit Court in *Lyon*, and finds that supplemental jurisdiction over Count IX is not justified. The Court does not doubt Plaintiffs' representation that both

Count VII and Count IX will make use of some of the same evidence. However, it is apparent from the First Amended Complaint that the claims are based on entirely distinct contractual relationships, a group insurance contract between New Life and BCNEPA and a separate contract between New Life and Express Scripts. Accordingly, the Court believes that the Counts VII and IX of Plaintiffs' First Amended Complaint may share certain pieces of evidence but do not share the same nucleus of common fact.

Because the Court finds that Plaintiffs' Count IX tortious interference claim does not derive from a common nucleus of operative facts as to form part of the same case or controversy with the ERISA claims found in Counts I through VIII, and because Count IX would not ordinarily be expected to be tried in one judicial proceeding with these ERISA claims, the Court will grant Defendants' motion.

**NOW**, this  6th day of March, 2009, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss Count IX of Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction  (Doc. 73) is **GRANTED**.

      /s/ A. Richard Caputo
     A. Richard Caputo
     United States District Judge