# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW LIFE HOMECARE, INC., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:06-CV-2485 |
| v. | (JUDGE CAPUTO) |
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Motion to "Consolidate and/or Stay the State Action." (Doc. 115.) For the reasons discussed more fully below, Plaintiffs' motion will be denied.

Plaintiffs filed the instant Complaint with this Court on December 29, 2006. (Doc. 1.) According to Plaintiffs, Defendant Blue Cross Northeastern Pennsylvania ("Blue Cross") filed a state court action in the Court of Common Pleas of Luzerne County on October 23, 2007; Plaintiffs maintain that the parties in this parallel state court proceeding are the same as the current federal action and that the claims asserted by Blue Cross in the state court action should have been brought as defenses or counterclaims in the case at bar. Consequently, Plaintiffs seek to have this Court consolidate the state and federal actions and/or stay the state court proceedings.

Fed. R. Civ. P. 42(a) allows district courts to consolidate "actions before the court [that] involve a common question of law or fact." However, this rule only applies to actions before *the* court, not *any* court, and does not permit consolidation of state and federal

1

proceedings. *Fernandez v. Hydro Mobile, Inc.*, No. 2007-CV-0103, 2008 WL 2803144 at *1 (D.V.I. 2008); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2008). Thus, this Court cannot consolidate the instant action with the parallel state court proceeding and the motion to consolidate will be denied.

Since nearly the birth of the country, Congress has prohibited federal courts from enjoining a state court proceeding, motivated to demarcate the lines between our separate federal and state legal systems in order to "prevent needless friction between state and federal courts." *Atlantic Coast Line R. Co.*, 398 U.S. 281, 282, 286 (quoting *Okla. Packing Co. v. Gas Co.*, 309 U.S. 4, 9 (1940)). The Anti-Injunction Act ("AIA") is an "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970); *1975 Salaried Retirement Plan v. Nobers*, 968 F.2d 401, 405 (3d Cir. 1992).

The three exceptions authorized by the AIA are: (1) where an injunction is expressly authorized by Act of Congress, (2) where it is necessary in aid of a federal court's jurisdiction, or (3) to protect or effectuate a federal court's judgments. 28 U.S.C. § 2283. "The exceptions in the Anti-Injunction Act are to be construed narrowly." *In re Diet Drugs Products Liability Litigation*, 282 F.3d 220, 233 (3d Cir. 2002) (hereinafter *Diet Drugs I*). Even if an exception applies, that only means that a court may grant an injunction and principles of comity, federalism, and equity must still be considered. *Diet Drugs II*. at 306.

Defendants argue that this case falls within the third exception to the AIA. The exception to protect or effectuate a federal court's judgments, also known as the "relitigation" exception, applies where it is necessary for a federal court to enjoin state proceedings from determining what has already been decided by a federal court judgment. *Diet Drugs II*, 369

2

F.3d 293, 305 (3d Cir. 2004) (citing *Chick Kam Choo v. Exxon Corp*, 486 U.S. 140, 147 (1988)). This exception is founded on the concepts of *res judicata* and collateral estoppel and was designed to prevent state litigation of an issue previously presented to and decided by a federal court. *Id.* at 305.

Plaintiffs point to a previous federal suit between Plaintiff New Life Homecare, Inc. and a non-party to the current action Express Scripts, Inc. Notably, none of the other Plaintiffs in this action were parties to that suit, nor were *any* of the Defendants. It is unclear how a state court action will affect a federal action involving different parties, and Plaintiffs have not pointed to any specific judgment or order in the instant case that would be affected by the parallel state court proceeding. In light of the mandate that AIA exceptions be construed narrowly, it would be inappropriate to stay the parallel state court proceeding on the basis raised by Plaintiffs in the instant motion. As such, the motion to stay will be denied.

**NOW** this  10th   day of June, 2010, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate and/or Stay the State Action. (Doc. 115) is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge