# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEW LIFE HOMECARE, INC., et al., | |
| Plaintiffs, | NO. 3:06-CV-2485 |
| v. | (JUDGE CAPUTO) |
| BLUE CROSS OF NORTHEASTERN PENNSYLVANIA, et al., | |
| Defendants | |

## **MEMORANDUM**

Before the Court are New Life Homecare's motion to extend the stay of the proceedings (Doc. 137) and motions to compel discovery from Blue Cross of Northeastern Pennsylvania, First Priority Health, and Express Scripts, Inc. (Doc. 138, 148, and 158), as well as Express Scripts' motion to quash subpoena and for sanctions (Doc. 153). New Life's motions will be denied because they received or already possess the materials they need to respond to Blue Cross' summary judgment motion. Express Scripts' motion to quash will be granted because the subpoenas were untimely, sought irrelevant documents, and violate Federal Rule of Civil Procedure 45. The Court will also schedule oral arguments on Express Scripts' related motion for sanctions.

## **BACKGROUND**

Blue Cross provided health insurance to some New Life employees pursuant to a group insurance contract for several years. The last policy between the parties was in effect from January 1, 2006 through December 31, 2006. In November 2006, Blue Cross informed New Life it was terminating the group insurance policy on January 1, 2007 because New Life was in violation of the policy's underwriting requirements. New Life filed suit against Blue

Cross and the other defendants in December 2006. Blue Cross and New Life then agreed to a temporary restraining order keeping the group insurance in place beyond the termination date. After the Court granted the restraining order, the parties entered into a contract. The parties agreed under the contract that Blue Cross would terminate the group insurance on March 31, 2007. They also agreed Blue Cross would provide the employees with individual conversion health insurance policies.

In August 2007, New Life filed an amended complaint against Blue Cross for: enforcement of the group policy (count I); clarification of its rights (count II); violation of HIPAA's non-discrimination provision (count III); breach of fiduciary duties (count IV); equitable estoppel (count V); ERISA violations (counts VI); violation of HIPAA's retaliation provisions (count VII); breach of contract (count VIII); and tortious interference with contractual relations (count IX). New Life essentially alleged that Blue Cross terminated the group insurance in retaliation for New Life's suing Blue Cross over an unrelated business dispute involving Express Scripts. Blue Cross filed a motion to dismiss and the Court granted it on most of the counts, including tortious interference

After the close of discovery, Blue Cross and First Priority filed a motion for summary judgment in October 2009. New Life filed a motion to stay proceedings pending discovery in July 2010. New Life claimed they needed the group insurance policies and underwriting documents in Blue Cross' possession. The Court granted New Life's motion in September 2010 and ordered a sixty day stay. New Life then moved to extend the stay and compel discovery in November 2010. These motions were not ruled on by the Court. In March 2011, New Life moved to compel discovery as to Express Scripts. Express Scripts responded with a motion to quash New Life's subpoenas and a motion for sanctions. Finally,

New Life moved for supplementary discovery as to Blue Cross in September 2011.

Blue Cross maintains that all the relevant documents New Life needs to respond to Blue Cross' motion for summary judgment and to pursue the remaining counts of its complaint have either been provided by Blue Cross (the underwriting documents and group insurance contracts) or were already in New Life's possession. Blue Cross contends New Life keeps improperly insisting on access to documents relating to the previously dismissed tortious interference claim. Express Scripts claims it is a non-party whom New Life is similarly forcing to provide information on the dismissed tortious interference claim. It also claims the subpoenas are untimely and were improperly filed in this Court because the requested documents are more than one hundred miles away. The motions have been briefed and are ripe for review.

## DISCUSSION

**I.   New Life's Motion to Extend Stay and Motions to Compel Discovery – (Docs. 137, 138, and 158)**

Under Federal Rule of Civil Procedure 56(d):

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

New Life claims it still requires discovery of certain documents to respond to Blue Cross' summary judgment motion. But it has already received the group policies and underwriting documents it claimed it needed in its previous motion to stay. Additionally, Blue Cross' chief argument in its motion is that the contract the parties entered after the

3

original complaint was filed precludes New Life's claims. New Life already has this contract and does not need additional discovery to respond to this argument. The Court will therefore deny the motion to stay the proceedings.

Under Federal Rule of Civil Procedure 26(b)(2)(C):

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Blue Cross argues here that (i), (ii), and (iii) apply and the Court agrees. Many of New Life's requests are for documents sent between New Life and Blue Cross, meaning New Life should have copies. Directing Blue Cross to make this material available again would be burdensome and expensive. Also, the key documents New Life seeks in the motion – the group insurance plan documents and underwriting materials – have also already been provided. Many of the remaining requests are for documents extraneous to the remaining claims in the litigation. Finally, New Life's second motion to compel discovery was filed in March 2011, several months after the court-imposed stay expired. While New Life filed a motion to extend the stay, the motion was never ruled on by the Court. The second motion to compel similarly seeks documents already in New Life's possession or extraneous to the remaining issues in the suit. For these reasons, the motions to compel

will be denied.

## II. New Life's Motion to Compel Discovery from Express Scripts (Doc. 148) and Express Scripts Motion to Quash Subpoenas and for Sanctions (Doc. 153)

New Life also seeks to compel discovery from non-party Express Scripts. Express Scripts seeks to quash New Life's subpoenas because they contend the subpoenas: are untimely, violate Fed. R. Civ. P. 45, and only seek information pertaining to the dismissed tortious interference claim.

Non-trial subpoenas are encompassed within the definition of 'discovery' enunciated in Fed. R. Civ. P. 26 and thus subject to the same time constraints that apply to all methods of formal discovery. Furthermore, a subpoena for production of documents must issue from the court for the district where the production is to be made. Fed. R. Civ. P. 45(a)(2)(C).

Here, New Life served subpoenas on Express Scripts officers from this Court months after the close of discovery. The subpoenas are for documents related to contracts between Express Scripts and New Life, not New Life and Blue Cross. In addition, the documents are located at Express Scripts' headquarters in St. Louis, Missouri. The Court will thus quash the subpoenas as untimely, irrelevant, and in violation of Fed. R. Civ. P. 45.(a)(2)(C). It will also schedule oral argument on Express Scripts motion for sanctions.

## CONCLUSION

The Court will deny New Life's motions for the reasons stated above. The Court will also grant Express Scripts motion to quash and set a date for oral argument on the motion for sanctions. New Life will have twenty-one days to respond to Blue Cross' motion for summary judgment. Blue Cross will then have fourteen days to file a brief in response.

An appropriate order follows.


 2/22/12                                                                     /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                             United States District Judge